Andrew P. Williams

12641 Antioch Road, Suite #1045

Overland Park, Kansas 66213

Telephone: (619) 796-6469

Email: andrew@carwashmgmt.com

Debtor, In Pro Per

FILED

2026 JUL 16 AM 11: 02

CLERK
U.S. BANKRUPTCY CT.
SO DIST. OF CALIF.

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

In re:

ANDREW PAUL WILLIAMS,

   Debtor.

Bankr. Case No. 24-03761-CL7

Chapter 7

**DEBTOR'S MOTION TO COMPEL THE CHAPTER 7 TRUSTEE TO ABANDON CERTAIN PRE-PETITION CLAIMS PURSUANT TO 11 U.S.C. SECTION 554(b) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 6007(b); MEMORANDUM**

TO THE COURT AND ALL PARTIES OF RECORD:

1

MOTION TO COMPEL ABANDONMENT (11 U.S.C. 554(b))

Case No. 24-03761-CL7

PLEASE TAKE NOTICE that the Debtor will move this Court on a date and time TO BE SET BY THE COURT pursuant to Local Bankruptcy Rule 9013-6, or as soon thereafter as the matter may be heard in Department 1, United States Bankruptcy Court, Southern District of California, 325 West F Street, San Diego, California 92101, for an order compelling the Chapter 7 Trustee, Leslie T. Gladstone, to abandon the estate's interest, if any, in the Debtor's personal pre-petition causes of action identified in Exhibit A (the "Reserved Claims"), limited to claims accruing before the petition date, so the Debtor may prosecute them in Regions Bank dba Ascentium Capital v. Car Wash Management, LLC, No. 2:25-cv-00359-CAS-KSx (C.D. Cal.), First Amended Answer, Affirmative Defenses, Counterclaim, Cross-Claim, and Third-Party Complaint (Dkt. 186).

## NOTICE OF MOTION AND MOTION

The Debtor, Andrew Paul Williams, moves this Court for an order compelling abandonment under 11 U.S.C. section 554(b) and Federal Rule of Bankruptcy Procedure 6007(b). This motion is filed concurrently with the Debtor's Motion to Reopen under 11 U.S.C. section 350(b), which seeks leave under Federal Rule of Bankruptcy Procedure 1009(a) to amend Schedule A/B to list the Reserved Claims as contingent and unliquidated. Upon reopening and entry of leave to amend, the Debtor will file amended schedules. The Motion is based on this Notice, the Memorandum of Points and Authorities below, the Declaration of Andrew Paul Williams and exhibits thereto, the record, and any argument the Court may permit.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.  RELIEF REQUESTED**

2

The Debtor seeks an order compelling the Chapter 7 Trustee to abandon the estate's interest, if any, in the Reserved Claims so the Debtor may prosecute them at his own expense in the District Court action.

## II. JURISDICTION

This Court has jurisdiction under 28 U.S.C. sections 1334 and 157(b)(2)(A) and (O). This is a core proceeding under 28 U.S.C. section 157(b)(2)(O).

## III. FACTS

1. The Debtor filed a voluntary Chapter 7 petition on October 4, 2024 (Dkt. 1). Case No. 24-03761-CL7. Leslie T. Gladstone is the Chapter 7 Trustee.

2. This is a no-asset estate. The Trustee filed a Report of No Distribution on November 12, 2024 (Dkt. 12) reporting Assets Abandoned: $0.00; Assets Exempt: $35,400.00; Claims Scheduled: $41,778.00; and no property available for distribution.

3. Discharge entered January 7, 2025 (Dkt. 15). The case closed January 8, 2025 (Dkt. 16); the Trustee was discharged. Reopening under 11 U.S.C. section 350(b) is a prerequisite to this relief.

4. On original Schedule A/B, Part 4, the Debtor answered "No" to line 33 (claims against third parties) and line 34 (other contingent and unliquidated claims) (Dkt. 1). The Reserved Claims were not scheduled. The Debtor did not then recognize these litigation claims as schedule-able estate assets; he seeks leave to amend and disclose them now. Under 11 U.S.C. section 554(d), unscheduled pre-petition claims remain property of the estate and do not revert to the Debtor upon discharge. Cusano v. Klein, 264 F.3d 936, 945-46 (9th Cir. 2001).

5. The Reserved Claims are the Debtor's personal pre-petition causes of action, distinct from any claims belonging to Car Wash Management, LLC ("CWM"), a Delaware limited liability company. They arise from conduct predating the petition, including the Equipment Finance Agreement ("EFA") and related dealings through early 2024, as pleaded in the District Court

action (Dkt. 186). The Debtor seeks abandonment only of claims accruing before the petition date.

6. On original Schedule A/B, Part 2, line 19.1, the Debtor listed a sixty percent (60%) membership interest in CWM with a stated value of $0.00 (Dkt. 1). That schedule line reflected petition-date equity only. At and before the petition date, CWM carried more than three hundred thousand dollars in bank debt under the Regions/Ascentium EFA (financed amount approximately $343,394.23, as amended to $346,904.75, as reflected in Washworld's motion papers, Dkts. 192, 192-4). The Reserved Claims are the Debtor's personal pre-petition causes of action pleaded in the District Court action (Dkt. 186). They are distinct from any claims belonging to CWM and from any distributable CWM equity scheduled at $0.00.

7. The Debtor is prosecuting related litigation in the District Court action. Fact discovery closes November 30, 2026 (Dkt. 190).

8. On June 11, 2026, the Debtor served Trustee Gladstone a written demand to abandon the Reserved Claims (demand letter attached as Exhibit B to the Declaration of Andrew P. Williams). As of this filing, the Trustee has not abandoned the Reserved Claims or filed a substantive response.

## IV. THE RESERVED CLAIMS (EXHIBIT A)

The Reserved Claims, asserted in the District Court operative pleading (Dkt. 186) and limited to claims accruing before October 4, 2024, are:

Claim 4 (Fraud against Regions Bank, through Matheny);

Claim 5 (Negligent Misrepresentation against Regions Bank);

Claim 8 (Fraud against Jose Rene Ortiz);

Claim 17 (Tortious Interference with Contractual Relations against Peter Matheny);

Claim 28 (Direct Fraud against Peter Matheny).

Each is contingent, unliquidated, and of nominal expected benefit to this closed no-asset estate (Dkt. 12).

4

MOTION TO COMPEL ABANDONMENT (11 U.S.C. 554(b))

## V.  ARGUMENT

### A.  Standard.

Under 11 U.S.C. section 554(b), on request of a party in interest and after notice and a hearing, the court may order the trustee to abandon property of the estate that is burdensome or of inconsequential value and benefit to the estate. The Debtor is a party in interest under 11 U.S.C. section 101(14). This motion is brought under Federal Rule of Bankruptcy Procedure 6007(b) after the Debtor's written demand to the Trustee (Ex. B) produced no abandonment. Although section 554(b) is discretionary, grant is appropriate here because the Trustee reported no property for distribution (Dkt. 12), the case closed with $0 distribution to creditors (Dkt. 16), the Trustee has not prosecuted the Reserved Claims since the June 11, 2026 demand, and abandonment permits the Debtor to pursue the claims at his own expense without affecting creditor distribution.

### B.  The Reserved Claims are of inconsequential value and benefit to this estate.

This is a closed no-asset Chapter 7. The Trustee reported no property for distribution (Dkt. 12) and has not sought to prosecute the Reserved Claims since the June 11, 2026 demand. The inconsequential-value finding rests on the nature of this closed estate, not on a collateral adjudication of CWM's fair market value. The Reserved Claims are the Debtor's personal, contingent, unliquidated tort claims. They would have to be litigated in federal district court at substantial cost relative to any realistic net recovery to this estate after exemptions and administrative expense. This estate has no cash to fund that litigation and no distribution mechanism for any recovery (Dkt. 12, 16). The Debtor listed no distributable CWM equity on Schedule A/B (Dkt. 1, line 19.1) and will prosecute the Reserved Claims at his own expense if abandonment is granted. Any recovery would be speculative and would not change the $0 distribution to creditors in this no-asset case. Regions has argued that unscheduled claims remain estate property (see Regions counsel letter dated June 11, 2026, citing In re Kreisel, 399 B.R.

5

MOTION TO COMPEL ABANDONMENT (11 U.S.C. 554(b))

679, 687-88 (Bankr. C.D. Cal. 2008)); this motion seeks leave to schedule and court-ordered abandonment through the companion reopen motion, not a merits adjudication of fraud damages.

**C.  Alternatively, the Reserved Claims are burdensome to the estate.**

Investigating, valuing, and prosecuting multi-defendant fraud claims in federal district court would burden a closed no-asset estate with no distribution mechanism, no estate cash to fund litigation, and no CWM equity base (Dkt. 1, line 19.1; Facts paragraph 6). Abandonment imposes no cost on the estate.

**D.  No prejudice to creditors.**

The estate will not pursue these claims. Abandonment permits the Debtor to pursue them at his own expense. Scheduled creditors receive no distribution from this closed no-asset case either way (Dkt. 12, 16). Regions may object as a party in interest, but it would receive no distribution from this estate in any event.

**E.  Standing, scheduling, and judicial estoppel.**

Unscheduled pre-petition claims remain estate property under 11 U.S.C. section 554(d). Cusano v. Klein, 264 F.3d 936, 945-46 (9th Cir. 2001) (distinguishing scheduled assets subject to technical abandonment from unscheduled pre-petition claims that remain estate property until separately scheduled and abandoned). Court-ordered abandonment after amended schedules are filed is the prescribed procedure to restore the Debtor's ability to prosecute those claims. Regions has argued that unscheduled claims were not abandoned and remain estate property (see Regions counsel letter dated June 11, 2026, citing In re Kreisel, 399 B.R. 679, 687-88 (Bankr. C.D. Cal. 2008)). This bundled motion addresses that dispute by seeking leave to amend schedules, disclosing the Reserved Claims, and obtaining court-ordered abandonment. Kreisel addressed scheduled claims; here the Debtor seeks leave to schedule and then abandon. On judicial estoppel, the Debtor did not then recognize these litigation claims as schedule-able estate assets when he answered Schedule A/B lines 33 and 34 "No" (Facts paragraph 6). This motion reopens the case, seeks leave to amend under Federal Rule of Bankruptcy Procedure 1009(a) (through the companion reopen motion, filed more than one year after the petition), and

6

discloses the Reserved Claims. Under Ah Quin v. County of Kauai Dep't of Transp., 733 F.3d 267, 272-74 (9th Cir. 2013), when a debtor reopens and amends to correct an initial schedule omission, courts do not apply a presumption of deceit based on a narrow reading of "mistake" or "inadvertence"; the court must examine the debtor's subjective intent at the time of the original filing. See id. at 274-75. Regions may invoke Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 784 (9th Cir. 2001), but Ah Quin applies where, as here, the debtor reopens and amends to disclose omitted claims in the same proceeding that seeks court-ordered abandonment.

**F.  Reopening and trustee mechanics.**

Because the case is closed (Dkt. 16), the court cannot grant section 554(b) relief without reopening. This motion is filed contemporaneously with the companion Motion to Reopen under 11 U.S.C. section 350(b). See In re Herzig, 96 B.R. 264, 266 (9th Cir. BAP 1989) (reopening under section 350(b) reviewed for abuse of discretion). The Court may grant reopening and rule on abandonment in one hearing, or set abandonment for hearing after entry of the reopen order; the Debtor does not seek merits adjudication of the Reserved Claims in this proceeding. Upon reopening, Trustee Gladstone resumes duties for the limited purpose of effectuating abandonment, or the Court may direct the United States Trustee to appoint a successor if the Trustee is unavailable.

## VI.  NOTICE

This is a noticed motion under Federal Rule of Bankruptcy Procedure 6007(b) and Local Bankruptcy Rule 9013-4(b)(2). The Debtor will serve the Trustee, the United States Trustee, and all creditors of record. Opposition is due within 14 days after service of the notice of motion. Local Bankruptcy Rule 9013-6(a)(3).

## VII.  CONCLUSION

7

MOTION TO COMPEL ABANDONMENT (11 U.S.C. 554(b))

The Debtor respectfully requests that the Court enter an order compelling the Trustee to abandon the estate's interest in the Reserved Claims accruing before the petition date, effective upon entry, with those claims revesting in the Debtor.

Dated: _____7/7_____, 2026

Respectfully submitted,

*A.P.Williams*

Andrew P. Williams
Andrew Paul Williams
Debtor, In Pro Per

8

MOTION TO COMPEL ABANDONMENT (11 U.S.C. 554(b))